■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LILLY, Appellant.—

Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction. Contrary to the defendant's contention, there was both direct and circumstantial evidence of the defendant's guilt. The defendant's admission was direct evidence of guilt (see, People v Rumble, 45 NY2d 879). The circumstantial evidence corroborated the admission by placing the defendant at the scene and confirming that the cause of the fire was consistent with the defendant's statement. Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant did not object to the court's charge on circumstantial evidence. Therefore, his present challenge to the charge is not preserved for appellate review (see, CPL 470.05 [2]; People v Hoke, 62 NY2d 1022; People v Udzinski, 146 AD2d 245, 248-252). In any event, since this case involved both direct and circumstantial evidence, a special instruction regarding circumstantial evidence was not required (see, People v Ruiz, 52 NY2d 929; People v Barnes, 50 NY2d 375; People v Ellis, 146 AD2d 709). Lawrence, J. P., Rubin, Sullivan and Balletta, JJ., concur.