█ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES LEWIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged with criminal possession of a forged instrument in the second degree (Penal Law § 170.25). He moved to suppress identification evidence and his inculpatory oral statement on the ground that they were the products of his unlawful arrest. The court denied the motion, and thereafter defendant pled guilty as charged.

The evidence at the suppression hearing demonstrated that, within minutes after hearing a police radio report of a criminal incident at a bank on Culver Road, a Rochester Police Officer observed defendant, who matched the description given over the radio broadcast, walking within a few blocks from the scene of the crime. The officer approached defendant and

told him that there had been an incident at the bank. He asked defendant if "he would go back to the bank" with him and defendant agreed to do so. Defendant was frisked before he entered the police car, but he was not handcuffed. Upon his return to the bank, defendant was identified by a bank clerk as the man who had attempted to cash a stolen check. Defendant was arrested and taken to police headquarters where, after being given *Miranda* warnings, he made an inculpatory oral statement.

At the conclusion of the suppression hearing, the court rendered its oral decision from the Bench. Although the decision included findings of fact and conclusions of law, the court failed to address the specific issues presented by the parties. Defendant contended that he was unlawfully seized on less than reasonable suspicion when he was placed in a police car and returned to the scene of the crime *(see, People v Hicks,* 68 NY2d 234). The People contended that defendant consented to return to the scene, and thus he was neither seized nor arrested until after he was identified by the bank clerk. In denying defendant's motion, the suppression court made no specific finding concerning either of those issues. Nevertheless, we affirm.

On determination of a motion to suppress evidence, the court "must set forth on the record its findings of fact, its conclusions of law and reasons for its determination" (CPL 710.60 [6]). The failure to do so is not fatal, however, where, as here, there has been a full and fair hearing. In such instances, this court may make its own findings of fact and conclusions of law *(see, People v Burrows,* 53 AD2d 1038, 1039; *People v Denti,* 44 AD2d 44, 47).

Here, it is evident from the record that defendant is not entitled to suppression of either the identification testimony or his oral confession *(see, People v Gonzalez,* 116 AD2d 661). The proof that defendant consented to be transported to the bank is uncontradicted and compelling. We find, therefore, that defendant voluntarily accompanied the police officer to the bank. Since "[c]onsent is a valid substitute for probable cause" *(People v Hodge,* 44 NY2d 553, 559), we need not further address defendant's argument that he was detained on less than reasonable suspicion *(see, People v Morales,* 42 NY2d 129, 138 [Wachtler, J., concurring], *cert denied* 434 US 1018). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Criminal Possession Forged Instrument, 2nd Degree.) Present—Dillon, P. J., Callahan, Denman, Green and Pine, JJ.