■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD DENIS, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant pleaded guilty to attempted arson in the second degree. On appeal, he contends that his oral and written statements to the police should have been suppressed because: (1) they were the product of coercion and were not freely and voluntarily made and (2) they were the product of custodial detention without probable cause.

Defendant maintains that his statements were made involuntarily because he was psychologically coerced by the police, because he was emotionally unstable, and because he was intoxicated. Whether a statement was involuntarily obtained depends upon the totality of the circumstances under which it was made *(People v Anderson,* 42 NY2d 35, 38). Defendant's claim of psychological coercion is based primarily upon the police use of a hydrocarbon sniffer which detected the odor of accelerants on defendant's hands and on his head where his hair was singed. After the sniffer beeped indicating a positive result, a police officer asked defendant if he would like to tell them what happened. At that point, defendant started crying and confessed that he had started the fire.

The fact that defendant may have exhibited signs of being emotionally or mentally upset does not preclude a knowing and voluntary waiver of his *Miranda* rights *(see, People v Avilez,* 121 AD2d 391, 392, *lv denied* 68 NY2d 767; *People v Stroman,* 118 AD2d 1006, 1008, *lv denied* 68 NY2d 672). Moreover, the record establishes that defendant was not so

intoxicated that he was unable to comprehend the *Miranda* warnings or that the waiver of his rights was not knowing and voluntary *(see, People v Schompert,* 19 NY2d 300, 305-307, *cert denied* 389 US 874; *People v Castimore,* 166 AD2d 915, *lv denied* 76 NY2d 984; *People v Williams,* 147 AD2d 515, 516; *People v Perry,* 144 AD2d 706, *lv denied* 73 NY2d 925).

We reject defendant's additional argument that his statements should have been suppressed because they were the product of custodial detention without probable cause. The record establishes that defendant voluntarily agreed to accompany the officer to the police station. Since "[c]onsent is a valid substitute for probable cause" *(People v Hodge,* 44 NY2d 553, 559), we need not address defendant's argument that he was detained without probable cause *(see, People v Lewis,* 172 AD2d 1020, 1021). Thus, County Court properly denied defendant's motion to suppress. (Appeal from Judgment of Chautauqua County Court, Adams, J.—Attempted Arson, 2nd Degree.) Present—Denman, P. J., Callahan, Green, Pine and Balio, JJ.