■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FREDERICK C. LANGDON, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant contends that the suppression court erred in denying his motion to suppress his oral statements to the police. We disagree. There is no merit to defendant's argument that his oral statements to Officer Phillips were the product of custodial detention without probable cause. The record establishes that defendant voluntarily agreed to accompany the officer to the police station. Since "[c]onsent is a valid substitute for probable cause" (People v Hodge, 44 NY2d 553, 559), we need not address defendant's arguments that he was in custody at the time he made his statements to the officer and that the custodial interrogation was unlawful because the officer had neither reasonable suspicion to stop and make inquiry of him nor probable cause to make a de facto arrest (see, People v Denis, 181 AD2d 1017, 1018, lv denied 79 NY2d 1048; People v Lewis, 172 AD2d 1020, 1021). In any event, the record supports the suppression court's conclusion that defendant was not in custody when he made his statements to Officer Phillips. A reasonable person, innocent of any crime, would not have thought he was in custody had he been in defendant's position (see, People v Yukl, 25 NY2d 585, 589, cert denied 400 US 851).

Further, there is no merit to defendant's argument that his oral statements to Investigator McGuigan should have been suppressed as a product of an illegal detention and because of police coercion. The record supports the suppression court's conclusion that those statements, although made while defendant was in custody, were preceded by a valid waiver of his Miranda rights. Additionally, the record does not reflect that the police engaged in any coercive action that would render defendant's waiver involuntary.

Defendant was not deprived of a fair trial by the trial court's evidentiary rulings. Upon our review of the record, we conclude that defendant's conviction in this circumstantial evidence case is supported by legally sufficient evidence (see,

*People v Marin,* 65 NY2d 741, 742; *People v Sanchez,* 61 NY2d 1022, 1024) and that the verdict is not against the weight of the evidence *(see, People v Bleakley,* 69 NY2d 490, 495). Finally, the sentence was neither harsh nor excessive. (Appeal from Judgment of Ontario County Court, Harvey, J.—Arson, 2nd Degree.) Present—Callahan, J. P., Pine, Lawton, Boehm and Davis, JJ.