■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL E. BARTLETT, Appellant. [595 NYS2d 89] —Appeal by the defendant from a judgment of the County Court, Nassau County (Wexner, J.), rendered January 4, 1991, convicting him of burglary in the third degree (two counts), and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his oral and written statements.

Ordered that the judgment is affirmed.

Upon being arrested, the defendant was given the warning pursuant to *Miranda v Arizona* (384 US 436) as follows:

"Before asking you any questions, you should understand you have the right to remain silent and that any statement you make may be used against you in court.

"Also, you have the right to talk to a lawyer before answering any questions or to have a lawyer present at any time.

"If you can not afford to hire a lawyer, one will be furnished for you if you wish, and you have the right to keep silent until you have had a chance to talk with a lawyer".

The defendant contends, among other things, that the last sentence of the warnings implied that his right to remain silent vanished once he obtained a lawyer, and so the warnings were improper. Consequently, he argues that the incriminating statements made by him should be excluded, and his conviction reversed. We disagree.

It should be noted that the defendant never raised this issue at his suppression hearing. Therefore, this issue is unpreserved for appellate review *(see, People v Tutt,* 38 NY2d 1011, 1013; *People v Lyons,* 125 AD2d 593, 594). In any event, "the 'rigidity' of *Miranda* [does not] exten[d] to the precise formulation of the warnings given a criminal defendant, [and] no talismanic incantation [is] required to satisfy its strictures" *(California v Prysock,* 453 US 355, 359). "The inquiry is simply whether the warnings reasonably 'conve[y] to [a suspect] his rights as required by *Miranda' " (Duckworth v Eagan,* 492 US 195, 203, quoting *California v Prysock, supra,* at 361). We find that the warnings given here reasonably apprised the defendant of his rights *(see, Duckworth v Eagan, supra).*

We have examined the defendant's remaining contentions and find them to be without merit. Eiber, J. P., O'Brien, Ritter and Copertino, JJ., concur.