■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PATRICK SCHOENDORF, Appellant. [601 NYS2d 859] —Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (Mullen, J.), rendered September 11, 1989, convicting him of murder in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress statements made by him to the police.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it

was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, this is not a case in which the People rely solely upon circumstantial evidence, since the defendant's admissions constitute direct evidence (see, People v Daddona, 81 NY2d 990; People v Licitra, 47 NY2d 554; People v Rumble, 45 NY2d 879). Therefore, the "moral certainty" standard by which purely circumstantial cases are tested is inapplicable here (see, People v Licitra, supra; People v Benzinger, 36 NY2d 29). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

In his omnibus motion, the defendant sought to suppress his statements as involuntarily made and requested a hearing to determine whether his arrest was supported by probable cause. The court granted a hearing on voluntariness but denied that branch of the motion which was to suppress the defendant's statements as the fruit of an allegedly illegal arrest without prejudice to renew. However, the defendant failed to renew that branch of the motion after the facts underlying his arrest became known to him at the *Huntley* hearing. We therefore reject his present claim that the court should have suppressed all of his statements on the ground of lack of probable cause.

The defendant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Eiber and Pizzuto, JJ., concur. [See, 148 Misc 2d 46.]