■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN VOGLER, Appellant. [607 NYS2d 788] —Judgment unanimously affirmed. Memorandum: The suppression court properly refused to suppress defendant's pretrial statements. The record establishes that defendant voluntarily agreed to accompany police officers for further questioning at the police station. That consent is a valid substitute for probable cause *(see, People v Hodge,* 44 NY2d 553, 559) and obviates the need to consider whether defendant was in custody or seized in the constitutional sense at the time he made statements to an officer and whether the police had reasonable suspicion to justify defendant's detention *(see, People v Langdon,* 188 AD2d 1036, *lv denied* 81 NY2d 1015; *People v Denis,* 181 AD2d 1017, 1018, *lv denied* 79 NY2d 1048). Neither the frisk of defendant, which was undertaken as a safety measure before defendant was asked to accompany the police to the station, nor the fact that the police administered *Miranda* warnings before questioning defendant at the station, warrants a finding that defendant was in custody when the initial statement was made *(see, People v Allen,* 73 NY2d 378 [frisk]; *People v Oates,* 104 AD2d 907, 911 [administration of warnings]). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.— Burglary, 3rd Degree.) Present—Denman, P. J., Callahan, Balio, Fallon and Davis, JJ.