■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT C. W., Appellant. [626 NYS2d 612] —Adjudication unanimously affirmed. Memorandum: Defendant appeals from a youthful offender adjudication after a plea of guilty to two counts of burglary in the third degree, involving the burglaries of two restaurants. The record establishes that the interview of defendant and the subsequent transport of defendant to the scene of the second burglary were consensual (see, People v Langdon, 188 AD2d 1036, lv denied 81 NY2d 1015; People v Lewis, 172 AD2d 1020) and were otherwise proper under People v Hicks (68 NY2d 234).

The statement of defendant concerning the burglary of Johnny D's Restaurant was not obtained in violation of his right to counsel. The fact that counsel had been assigned for the burglary of Carmen's Restaurant does not by itself establish an existing attorney-client relationship to preclude interrogation on the other charge (see, People v Bing, 76 NY2d 331, 336).

We have reviewed defendant's remaining contentions and conclude that they lack merit. (Appeal from Adjudication of Onondaga County Court, Mulroy, J.—Youthful Offender.) Present—Pine, J. P., Wesley, Doerr, Davis and Boehm, JJ.