■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARIO RAMIREZ, Appellant. [707 NYS2d 6] —Judgment, Supreme Court, New York County (Edward McLaughlin, J.), rendered July 16, 1997, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the first degree (five counts), criminal sale of a controlled substance in the second degree and conspiracy in the second degree, and sentencing him to five concurrent terms of 25 years to life to run concurrently with two concurrent terms of 8⅓ to 25 years, unanimously affirmed.

The court properly exercised its discretion in denying defendant's application to preclude the People from cross-examining him about a beeper and calculator recovered from his person, made on the ground that the People's response to a discovery motion disclaimed the existence of such evidence. The People's response to the discovery motion stating that they were "not aware" of any physical evidence recovered from defendant did not constitute a "stipulation" pursuant to CPL 710.60 (2) (b) to refrain from offering the evidence in question, but was a violation of the People's discovery obligation under CPL 240.20 (1) (f). The determination of an appropriate sanc-

tion, if any, for a failure to provide discovery material is vested in the discretion of the court (CPL 240.70 [1]; *People v Kelly,* 62 NY2d 516; *People v Bonet,* 176 AD2d 641, *lv denied* 79 NY2d 853). There was no bad faith on the part of the People, and defendant's claim of prejudice rests entirely on speculation. Prior to opening statements, defendant received police vouchers listing the evidence in question, and at no. time sought to make a suppression motion pursuant to CPL 710.40 (2).

Defendant's challenge to the court's instructions to the jury concerning note-taking is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the court adequately covered the subject (*see, People v Hues,* 92 NY2d 413).

We perceive no abuse of sentencing discretion, and find that the sentence was not based on any improper criteria. Concur— Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.