**Mario RAMIREZ, Appellant,**

**v.**

**Charles GREINER, Superintendent, Green Haven Correctional Facility, Appellee,**

**Docket No. 01–2644.**

United States Court of Appeals, Second Circuit.

Feb. 24, 2003.

Warren S. Landau, Cedarhurst, NY, for Appellant.

Darian B. Taylor, Assistant Attorney General (Beth J. Thomas, Assistant Attorney General; Robin A. Forshaw, Assistant Solicitor General; Eliot Spitzer, Attorney General of the State of New York), Attorney General's Office of the State of New York, New York, NY, for Appellee, of counsel.

Present: VAN GRAAFEILAND, CABRANES, and F.I. PARKER, Circuit Judges.

### SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Petitioner Mario Ramirez appeals from a judgment of the District Court entered September 27, 2001, denying his petition for a writ of habeas corpus under 28 U.S.C. § 2254, and granting a certificate of probable cause regarding the state trial court's *in limine* ruling.

Petitioner argued to the District Court that the state trial court erred by ruling *in limine* that the government could use physical evidence, seized from petitioner at the time of his arrest, during cross-examination of petitioner, notwithstanding that the prosecutor had stated during discovery that no evidence had been recovered from petitioner. *See Ramirez v. Greiner*, No. 01 Civ. 4669, 2001 WL 1000688 (S.D.N.Y Aug. 30, 2001); *People v. Ramirez*, 270 A.D.2d 185, 707 N.Y.S.2d 6 (1st Dept.), *leave to appeal denied*, 95 N.Y.2d 802, 711 N.Y.S.2d 170, 733 N.E.2d 242 (2000).

The District Court held that under *Sellan v. Kuhlman*, 261 F.3d 303, 314–15 (2d Cir.2001), deference to the state court ruling, as mandated by 28 U.S.C. § 2254, was required when the state court determined the constitutional issues on the merits,

even if no explicit discussion of the constitutional merits occurred. We agree. Petitioner has failed to demonstrate that the rulings of the state trial court and the Appellate Division regarding the physical evidence were contrary to, or involved an unreasonable application, of clearly established Supreme Court precedent. *See* 28 U.S.C. § 2254(d)(1).

We have considered all of defendant's claims on appeal and, substantially for the reasons stated by the District Court, we hereby **AFFIRM** the judgment of the District Court.