■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RANDOLPH TAYLOR, Appellant. [794 NYS2d 919]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Gary, J.), rendered August 29, 2002, convicting him of robbery in the first degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant contends that the trial court erred in its *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]),

which permitted the prosecutor to impeach him with the underlying facts of a youthful offender adjudication concerning a robbery in 1988. We disagree. "[T]he illegal or immoral acts underlying [a youthful offender] adjudication may be employed" for the purpose of impeachment (*People v Duffy*, 36 NY2d 258, 264 [1975], *cert denied* 423 US 861 [1975]; *see People v Greer*, 42 NY2d 170, 176 [1977]; *People v Randolph*, 181 AD2d 801 [1992], *affd* 81 NY2d 868 [1993]). Here, the underlying acts included the taking of property. As such, they were "highly relevant to the issue of credibility because they demonstrate[d] the defendant's willingness to deliberately further his self-interest at the expense of society" (*People v Creel*, 215 AD2d 577, 578 [1995]; *see People v Telesford*, 2 AD3d 757, 758 [2003]). Moreover, the record demonstrates that the court engaged in a proper balancing between the probative value of the acts underlying the adjudication for impeachment purposes and the prejudicial effect of such impeachment upon the defendant (*see People v Sandoval, supra* at 376; *People v Randolph*, 181 AD2d 801 [1992], *supra*).

Upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley*, 69 NY2d 490 [1987]; *People v McCrimmon*, 131 AD2d 598 [1987]).

The defendant's remaining contention is without merit. Adams, J.P., Krausman, Rivera and Fisher, JJ., concur.