■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JEFFREY LOUISIAS, Appellant. [815 NYS2d 727]—

Appeal by the defendant from a judgment of the County Court, Nassau County (DeRiggi, J.), rendered February 25, 1999, convicting him of murder in the first degree, robbery in the first degree (two counts), criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress oral and written statements to law enforcement officials.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that the evidence was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Contrary to the defendant's contention, this is not a case in which the People relied solely upon circumstantial evidence, as the defendant's admissions constituted direct evidence (*see People v Rumble*, 45 NY2d 879, 880-881 [1978]; *People v Schoendorf*, 196 AD2d 600, 601 [1993]; *People v Lilly*, 158 AD2d 622, 622 [1990]). Therefore, the "moral certainty" standard by which purely circumstantial cases are tested is inapplicable here (*see People v Rumble, supra* at 880-881; *People v Schoendorf, supra* at 601; *People v Lilly, supra* at 622).

The defendant moved to suppress certain statements he made at police headquarters in response to questioning by detectives. "The record at the suppression hearing established, however, that before making the statements the defendant had accompanied the detectives voluntarily to the precinct and had not been restrained in any way" (*People v Foy*, 26 AD3d 344, 344 [2006]; *see People v Melendez*, 227 AD2d 646, 646-647 [1996]; *People v Vogler*, 201 AD2d 890, 890 [1994]). "The defendant's contention that his statements should have been suppressed because he allegedly was placed in custody in the absence of probable cause is therefore without merit" (*People v Foy, supra* at 344; *see People v Melendez, supra* at 646-647; *People v Vogler, supra* at 890).

The defendant did not raise at the suppression hearing his objection to the substance of the *Miranda* warnings (*see Mi-*

*randa v Arizona,* 384 US 436 [1966]) the detectives read to him. Therefore, this issue is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Bartlett,* 191 AD2d 574, 575 [1993]). In any event, "[t]he 'rigidity' of the *Miranda* warnings does not extend 'to the precise formulation of the warnings given a criminal defendant . . . no talismanic incantation [is] required to satisfy its strictures' " (*People v Parker,* 258 AD2d 479, 479 [1999], quoting *California v Prysock,* 453 US 355, 359 [1981]; *see People v Bartlett, supra* at 575). " 'The inquiry is simply whether the warnings reasonably conve[y] to [a suspect] his rights as required by *Miranda*' " (*People v Parker, supra* at 479-480, quoting *Duckworth v Eagan,* 492 US 195, 203 [1989]; *People v Bartlett, supra* at 575). The warnings given here reasonably apprised the defendant of his rights (*see Duckworth v Eagan, supra; People v Parker, supra* at 479; *People v Bartlett, supra* at 575).

The County Court providently exercised its discretion in precluding alibi testimony, as the defendant failed to demonstrate good cause for his untimely alibi notice (*see* CPL 250.20 [1]; *People v Tucker,* 21 AD3d 387, 388 [2005]; *People v Delacruz,* 13 AD3d 642, 642-643 [2004]; *People v Bhuiyan,* 295 AD2d 622 [2002]; *People v Bonner,* 287 AD2d 728 [2001]). The defendant failed to preserve for appellate review his contention that the preclusion of the alibi testimony violated his constitutional rights (*see People v Tucker, supra* at 388; *People v Brown,* 306 AD2d 12, 12-13 [2003]; *People v Walker,* 294 AD2d 218 [2002]). In any event, the defendant's contentions regarding this issue are without merit (*see People v Tucker, supra* at 388; *People v Walker, supra* at 219; *see also People v Brown, supra* at 13).

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is also without merit. The nature and extent of cross examination have always been subject to the sound discretion of the trial judge (*id.* at 374; *People v Caldwell,* 23 AD3d 576 [2005], *lv denied* 6 NY3d 810 [2006]; *People v Springer,* 13 AD3d 657, 658 [2004]). Here, the County Court struck an appropriate balance between the probative value of the evidence of the act underlying the defendant's adjudication as a youthful offender on the issue of his credibility (*see generally People v Gray,* 84 NY2d 709, 712 [1995]; *People v Taylor,* 18 AD3d 783, 784 [2005]) and the possible prejudice to the defendant (*see People v Caldwell, supra; People v Springer, supra* at 658). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval, supra*

at 378; *People v Caldwell, supra; People v Springer, supra* at 658). The mere fact that the act underlying the defendant's adjudication as a youthful offender was similar in nature to the charged offenses did not warrant its preclusion (*see People v Springer, supra* at 658; *People v Mack,* 6 AD3d 551, 551 [2004]). That a defendant chooses to specialize in a particular type of criminal activity does not immunize him from impeachment by use of prior bad acts or convictions (*see People v Springer, supra* at 658; *People v Mack, supra* at 551). Prior offenses may be probative of, inter alia, a "defendant's willingness to place his interests above those of society" (*People v Caldwell, supra* at 576; *see People v Springer, supra* at 658).

The County Court properly admitted into evidence People's exhibit 51, a photograph depicting the victim's head during the autopsy with a metal probe passing through it demonstrating the path of one of the bullets that struck the victim (*see generally People v Wood,* 79 NY2d 958, 960 [1992]; *People v Pobliner,* 32 NY2d 356, 369-370 [1973], *cert denied* 416 US 905 [1974]). The photograph illustrated and elucidated the testimony of the doctor who performed the autopsy (*see People v Wood, supra* at 960; *People v Pobliner, supra* at 369-370; *People v Allah,* 13 AD3d 639, 639 [2004]; *People v Roque,* 11 AD3d 488, 489 [2004]; *People v Morel,* 297 AD2d 757, 757 [2002]; *People v Collic,* 285 AD2d 514, 515 [2001]); was relevant to the issue of intent (*see People v Morel, supra* at 757; *People v Collic, supra* at 515); and was relevant to the jury in considering the defendant's account in his oral and written statements of how the shooting occurred, whether to corroborate his account or undermine it (*see People v Durkin,* 303 AD2d 596, 597 [2003]; *see also People v Pobliner, supra* at 369-370). The photograph was not offered for the sole purpose of arousing the emotions of the jurors (*see People v Wood, supra* at 960; *People v Pobliner, supra* at 369-370; *People v Roque, supra* at 489; *People v Levy,* 284 AD2d 346, 347 [2001]).

The County Court providently exercised its discretion in permitting the jurors to take notes during a partial re-reading of the charge. Although the defendant objected to the County Court's determination to permit the jury to take notes, he did not object to the County Court's cautionary instructions or suggest different language (*see generally People v Hues,* 92 NY2d 413, 419 [1998]). Accordingly, the defendant's challenge to the adequacy of those instructions is unpreserved for appellate review (*see People v Taylor,* 17 AD3d 174, 174-175 [2005]; *People v Ramirez,* 270 AD2d 185, 186 [2000]). In any event, the County Court's instructions adequately conveyed the substance of the cautions set forth by the Court of Appeals in *People v Hues* (*supra* at 419).

The defendant's challenges to certain remarks by the prosecutor in summation are unpreserved for appellate review as the defense counsel either failed to make specific and timely objections, or failed to seek curative instructions or move for a mistrial where the trial court sustained the defense counsel's objection (*see* CPL 470.05 [2]; *People v Morris,* 2 AD3d 652, 653 [2003]). In any event, the challenged remarks were responsive to those of the defense counsel in summation and were fair comment on the evidence presented at trial (*see People v Pender,* 8 AD3d 409, 409 [2004]; *People v Indelecio,* 8 AD3d 406, 407 [2004]; *People v Nieves,* 2 AD3d 539, 540 [2003]; *People v Cariola,* 276 AD2d 800, 800 [2000]). Moreover, in making these remarks, the prosecutor did not express his personal beliefs concerning the truthfulness of the People's witnesses, and therefore it cannot be said that he improperly vouched for their credibility (*see People v Pender, supra* at 410; *People v Indelecio, supra* at 407). Florio, J.P., Crane, Goldstein and Spolzino, JJ., concur.