■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SERGIO LOPEZ, Appellant. [830 NYS2d 236]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Kase, J.), rendered February 25, 2005, convicting him of attempted robbery in the first degree and attempted robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Upon the exercise of our factual review power (*see* CPL 470.15

[5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]; *People v Wilson,* 10 AD3d 460 [2004]).

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval,* 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination have always been subject to the sound discretion of the trial judge (*id.* at 374; *People v Louisias,* 29 AD3d 1017, 1019 [2006], *lv denied* 7 NY3d 814 [2006]; *People v Caldwell,* 23 AD3d 576 [2005]). Here, the County Court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility (*see generally People v Gray,* 84 NY2d 709, 712 [1995]; *People v Taylor,* 18 AD3d 783, 784 [2005]) and the possible prejudice to the defendant (*see People v Louisias, supra; People v Caldwell, supra*). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval, supra* at 378; *People v Louisias, supra; People v Caldwell, supra*). Prior offenses may be probative of, inter alia, a "defendant's willingness to place his interests above those of society" (*People v Louisias, supra* at 1020, quoting *People v Caldwell, supra* at 576). The fact that the defendant may have been the only possible source of testimony for his defense increased the importance of his credibility as well as the importance of his testimony, and did not mandate a ruling prohibiting inquiry about his prior criminal conduct (*see People v Cruz,* 21 AD3d 967, 968 [2005]). Contrary to the defendant's contention, the County Court was not required to set forth the specific reasoning behind its *Sandoval* ruling.

The defendant's *Batson* contention (*see Batson v Kentucky,* 476 US 79 [1986]), is without merit. Miller, J.P., Florio, Dillon and Angiolillo, JJ., concur.