■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BILLY GRIER, Appellant. [849 NYS2d 608]—

Appeal by the defendant from a judgment of the Supreme Court, Westchester County (Adler, J.), rendered May 12, 2006, convicting him of tampering with physical evidence, resisting arrest, criminal possession of a controlled substance in the seventh degree, and attempted assault in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, the testimony of the arresting officer was sufficient to support the hearing court's determination that there was probable cause for his arrest. "Under the fellow officer rule, a police officer can make a lawful arrest even without personal knowledge sufficient to establish probable cause, so long as the officer is acting upon the direction of or as a result of communication with a fellow officer . . . in possession of information sufficient to constitute probable cause for the arrest" (*People v Ketcham*, 93 NY2d 416, 419 [1999] [internal quotation marks omitted]). Here, the arresting officer's testimony established that he received a radio transmission from a fellow officer indicating that the officer had observed the defendant in possession of crack cocaine. Since the arresting officer was entitled to rely upon the information provided by his colleague, the arrest was lawful, and the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence (*id.; see People v Mims*, 88 NY2d 99; *People v Soviero*, 5 AD3d 404 [2004]).

The defendant's contention that the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) deprived him of a fair trial is without merit. The court properly weighed the probative value of the defendant's prior offenses on the issue of his credibility against the possible prejudice to the defendant, and reached an appropriate compromise ruling (*see People v Gray*, 84 NY2d 709 [1995]; *People v Lopez*, 37 AD3d 496 [2007]; *People v Taylor*, 18 AD3d 783 [2005]).

The defendant's challenge to the legal sufficiency of the evidence of his guilt of tampering with physical evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray*, 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of this crime beyond a reasonable doubt (*see* Penal Law § 215.40 [2]). Ritter, J.P., Florio, Miller and Dillon, JJ., concur.