◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIX A. MIRANDA, Appellant. [854 NYS2d 746]—Appeal by the defendant from a judgment of the County Court, Orange County (Rosenwasser, J.), rendered October 21, 2005, convicting him of criminal sale of a controlled substance in the third degree (three counts), and criminal possession of a controlled substance in the third degree (three counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the County Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) is without merit. The nature and extent of cross-examination have always been subject to the sound discretion of the trial judge (*see People v Sandoval*, 34 NY2d at 374). Here, the court struck an appropriate balance between the probative value of the defendant's prior crimes on the issue of his credibility and the possible prejudice to the defendant (*see People v Springer*, 13 AD3d 657, 658 [2004]). The defendant failed to meet his burden of demonstrating that the prejudicial effect of the evidence of his prior conviction so outweighed the probative worth of that evidence that its exclusion was warranted (*see People v Sandoval*, 34 NY2d at 378; *People v Lopez*, 37 AD3d 496, 497 [2007]).

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Finger*, 95 NY2d 894, 895 [2000]; *People v Gray*, 86 NY2d 10, 20 [1995]; *People v Bynum*, 70 NY2d 858, 859 [1987]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we

find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the jury, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644-645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte,* 90 AD2d 80 [1982]). Prudenti, P.J., Miller, Dillon and McCarthy, JJ., concur.