■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMMANUEL BERROUET, Appellant. [923 NYS2d 887]—

Appeal by the defendant from a judgment of the County Court, Nassau County (Grella, J.), rendered January 12, 2010, convicting him of robbery in the first degree (two counts), robbery in the second degree, grand larceny in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Kase, J.), of those branches of the defendant's omnibus motion which were to suppress physical evidence and his statements to law enforcement officials.

Ordered that the judgment is affirmed.

"The credibility determinations of a hearing court are [accorded] great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Prochilo*, 41 NY2d 759, 761 [1977]). Under the fellow officer rule, if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of or as a result of communication with a superior or fellow officer or another police department provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Grier*, 47 AD3d 729 [2008]). Upon reviewing the record, we find that the Supreme Court properly concluded that the defendant's arrest was supported by probable cause (*see People v Jackson*, 65 AD3d 1164, 1165 [2009]).

The defendant's contention that his sentence was excessive is without merit. He received the minimum possible sentence for a second violent felony offender convicted of a class B violent felony offense (*see* Penal Law 70.04 [3] [a]). Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.