■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK HASSAN, Appellant. [930 NYS2d 603]—

Contrary to the People's contention, the defendant's waiver of his right to appeal was not valid (*see People v Monsuri*, 83 AD3d 870 [2011], *lv denied* 17 NY3d 808 [2011]; *People v Bradshaw*, 76 AD3d 566, 569 [2010], *lv granted* 15 NY3d 896 [2010]) and, therefore, the purported waiver does not bar review of the defendant's claim.

Nevertheless, following the pretrial *Mapp* hearing (*see Mapp v Ohio*, 367 US 643 [1961]), the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. Under the fellow officer rule, if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts upon the direction of, or as a result of, communication with a superior or fellow officer or another police department, provided that the police as a whole were in possession of information sufficient to constitute probable cause to make the arrest (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Berrouet*, 84 AD3d 1392 [2011]). Here, the hearing court properly determined that probable cause existed for the defendant's arrest based on the information obtained by the arresting officer from a fellow police officer during a "buy and bust" operation. Skelos, J.P., Dickerson, Leventhal and Lott, JJ., concur.