■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MERCIFUL JOHNSON, Appellant. [931 NYS2d 896]—■

Under the fellow officer rule, if an arresting officer lacks personal knowledge sufficient to establish probable cause, the arrest will be lawful if the officer acts as a result of communication with a fellow officer, provided that the police as a whole were in possession of information sufficient to constitute probable cause to make an arrest (*see People v Ramirez-Portoreal*, 88 NY2d 99, 113 [1996]; *People v Berrouet*, 84 AD3d 1392 [2011], *lv denied* 17 NY3d 813 [2011]; *People v Grier*, 47 AD3d 729 [2008]). Here, the Supreme Court properly applied the fellow officer rule and concluded that the defendant's arrest was supported by probable cause.

The defendant's contention that the evidence was legally insufficient to prove his guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt of criminal possession of a weapon in the third degree beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt as to criminal possession of a weapon in the third degree was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Prudenti, P.J., Skelos, Balkin and Sgroi, JJ., concur.