Appeal by the defendant from a judgment of the County Court, Suffolk County (Braslow, J.), rendered November 10, 2010, convicting him of burglary in the third degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is affirmed.
The defendant contends that the County Court erred by permitting him to be shackled during the trial without justification (see Deck v Missouri, 544 US 622, 630 [2005]). Indeed, the County Court did not articulate on the record any reason, security-related or otherwise, for why the defendant was shackled, and it is unclear from the record whether the shackles were visible to the jury (see People v Tedesco, 143 AD2d 155, 159 [1988]). However, the defendant’s contention is not preserved for appellate review. In any event, to the extent that the defendant argues that the County Court erred in this regard as a matter of federal constitutional law, we find, beyond a reasonable doubt, that any such error did “not contribute to the verdict obtained,” and, thus, constituted harmless error (Deck v Missouri, 544 US at 635 [internal quotation marks omitted]). Similarly, insofar as the claim is made pursuant to state constitutional law, the result is the same, since the evidence of *778 the defendant’s guilt, without reference to the alleged error, was overwhelming, and there is no reasonable possibility that the alleged error might have contributed to the defendant’s conviction (see People v Clyde, 18 NY3d 145 [2011], cert denied 566 US —, 2012 WL 485961, 2012 US LEXIS 3006 [2012]; People v Crimmins, 36 NY2d 230, 237 [1975]; cf. People v Cruz, 17 NY3d 941 [2011]).
The defendant claims that his right to be present at sidebar conferences, pursuant to People v Antommarchi (80 NY2d 247 [1992]), was violated when he was excluded from a conference requested by a potential juror, and that the trial court coerced him into waiving his right thereto. However, this claim is unpreserved for appellate review since he made no objection at trial (see People v King, 234 AD2d 391, 391 [1996]). In any event, the contention has no merit, since the defendant, having been apprised of the reasons for precluding his appearance at the sidebar conference, and having discussed the matter with his counsel, expressly waived his right knowingly, intelligently, and voluntarily (see People v Vargas, 88 NY2d 363, 375-378 [1996]; People v King, 234 AD2d 391, 392 [1996]).
Contrary to the defendant’s contention, the County Court did not err in refusing to charge the jury on the elements of criminal trespass in the third degree as a lesser included offense of burglary in the third degree. Viewed in the light most favorable to the defendant, there is no reasonable view of the evidence that would support a finding that the defendant committed criminal trespass in the third degree but did not commit burglary in the third degree (see CPL 300.50 [1]; People v Glover, 57 NY2d 61, 64 [1982]; People v Henderson, 41 NY2d 233, 235 [1976]). Although the jury was free to accept or reject part or all of the defense or prosecution evidence (see People v Henderson, 41 NY2d at 236), it may not arbitrarily or irrationally dissect the integrated testimony of a single witness (see People v Alford, 276 AD2d 797, 799 [2000]). Here, the jury would have had to dissect the defendant’s testimony in just such an impermissible manner in order to have found both that the defendant did not have permission to enter the subject building, but did have permission to take the items he admitted to taking. Thus, the County Court properly refused to charge the jury on the offense of criminal trespass in the third degree.
Contrary to defendant’s contention, his motion pursuant to CPL 330.30, in which he claimed a violation of Brady v Maryland (373 US 83 [1963]), was properly denied by the County Court (see People v Fuentes, 12 NY3d 259, 263 [2009]).
Moreover, in fulfilling our responsibility to conduct an inde *779 pendent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury’s opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004], cert denied 542 US 946 [2004]; People v Bleakley, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s contention that certain comments made by the prosecutor during summation deprived him of a fair trial is unpreserved for appellate review and, in any event, without merit.
The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s remaining contentions are without merit. Dillon, J.P., Dickerson, Hall and Sgroi, JJ., concur.