THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MAURICE WALLACE, Appellant. [965 NYS2d 198]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered October 5, 2010, convicting him of murder in the second degree and menacing in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (R. Doyle, J.), of that branch of the defendant's omnibus motion

which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant contends that the *Miranda* warnings (*see Miranda v Arizona*, 384 US 436 [1966]) given to him before obtaining his statements were inadequate. This contention is unpreserved for appellate review and, in any event, without merit (*see People v Louisias*, 29 AD3d 1017, 1018-1019 [2006]; *People v Bartlett*, 191 AD2d 574, 575 [1993]).

Viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The record establishes that the defendant's express waiver of his right to be present at sidebar conferences (*see People v Antommarchi*, 80 NY2d 247 [1992]) was made knowingly, voluntarily, and intelligently (*see People v Vargas*, 88 NY2d 363, 375-378 [1996]; *People v King*, 234 AD2d 391 [1996]). Further, the County Court providently exercised its discretion in declining to give a missing witness charge (*see People v Edwards*, 14 NY3d 733 [2010]; *People v Savinon*, 100 NY2d 192, 196-197 [2003]; *People v Gonzalez*, 68 NY2d 424, 427 [1986]).

Contrary to the defendant's contention, the tape-recorded conversation between a witness who testified at the trial and the defendant was relevant to issues at the trial, at least in part. Even if the admission into evidence of the entire conversation was error, the error was harmless, as there was overwhelming evidence of the defendant's guilt and no significant probability that any error in this regard contributed to his conviction (*see People v Crimmins*, 36 NY2d 230, 241-242 [1975]; *People v Maggette*, 244 AD2d 575, 576 [1997]).

The defendant also contends that the County Court erred in directing him to be shackled behind bunting during the trial (*see Deck v Missouri*, 544 US 622, 630 [2005]). This issue is unpreserved for appellate review (*see People v Glover*, 96 AD3d 777, 777 [2012]). In any event, although the County Court may

not have articulated valid particularized reasons for granting the request to have the defendant shackled during the trial, any error was harmless (*see People v Cruz*, 17 NY3d 941, 944 [2011]).

The defendant's remaining contentions are unpreserved for appellate review and, in any event, are without merit (*see People v Hues*, 92 NY2d 413, 419 [1998]; *People v Freycinet*, 11 NY3d 38, 42 [2008]). Dillon, J.P., Chambers, Hall and Hinds-Radix, JJ., concur.