Appeal by the defendant from a judgment of the County Court, Suffolk County (Condon, J.), rendered October 12, 2010, convicting him of assault in the second degree, upon a jury verdict, and imposing sentence.
Ordered that the judgment is reversed, on the law, and a new trial is ordered.
A criminal defendant has a right to be present at all material stages of a trial, and that right is violated if a trial court conducts a Sandoval hearing (see People v Sandoval, 34 NY2d 371 [1974]) in a defendant’s absence (see CPL 260.20; People v Dokes, 79 NY2d 656, 658 [1992]; see also People v Roman, 88 NY2d 18, 25-26 [1996]; People v Sprowal, 84 NY2d 113, 117 [1994]).
On August 24, 2010, the prosecutor, the defendant, and defense counsel appeared before the Supreme Court. The court began by stating, “for the record, we did conduct a Sandoval hearing — well, we are conducting it right now. We did have a discussion in chambers.” The court was presented with a written record of the defendant’s criminal history and then set forth the permissible scope of cross-examination about the defendant’s alleged prior bad acts and use of aliases, were the defendant to testify. Thereafter, defense counsel objected to the trial court’s ruling.
After the discussion in chambers during which the defendant *969 was not present, the trial court merely set forth its ruling on the People’s Sandoval application. The record demonstrates that the trial court was not presented with any discussion or argument regarding the People’s Sandoval application. Therefore, the trial court failed to conduct a Sandoval hearing in the defendant’s presence, and the defendant was denied his right to participate in the hearing so as “to ensure that the court’s determination will not be predicated on the prosecutor’s ‘unrebutted view of the facts’ ” (People v Dokes, 79 NY2d at 661, quoting People v Ortega, 78 NY2d 1101, 1103 [1991]). Moreover, it cannot be said that the defendant’s presence at a Sandoval hearing would have been superfluous, as the trial court’s ruling was “not wholly favorable” to the defendant (People v Michalek, 82 NY2d 906, 907 [1993] [internal quotation marks omitted]; see People v Favor, 82 NY2d 254, 267 [1993]).
Accordingly, the judgment must be reversed and the matter remitted to the County Court, Suffolk County, for a new trial.
In light of our determination, we need not reach the defendant’s remaining contentions.
Lastly, because we are remitting for a new trial, we note that the defendant was shackled during the jury trial, without an on-the-record explanation. While the issue of whether the trial court erred in directing the defendant to be shackled is unpreserved for appellate review (see People v Wallace, 106 AD3d 1034, 1035 [2013]; People v Glover, 96 AD3d 777 [2012]), a trial court that restrains a defendant during criminal proceedings must state a particularized reason for doing so on the record (see People v Clyde, 18 NY3d 145, 153 [2011], cert denied 132 S Ct 1921 [2012]; see also Deck v Missouri, 544 US 622, 630 [2005]; People v Best, 19 NY3d 739, 743 [2012]; People v Cruz, 17 NY3d 941, 944-945 [2011]). Dillon, J.P, Leventhal, Hall and Austin, JJ., concur.