People v Haynes (2018 NY Slip Op 05490)





People v Haynes


2018 NY Slip Op 05490


Decided on July 25, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 25, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
REINALDO E. RIVERA
LEONARD B. AUSTIN
HECTOR D. LASALLE, JJ.


2016-03832
 (Ind. No. 528/15)

[*1]The People of the State of New York, respondent,
v
Marcell Haynes, appellant.


Jarred S. Freeman, Staten Island, NY, for appellant.
Madeline Singas, District Attorney, Mineola, NY (Yael V. Levy and Mary Faldich of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Nassau County (Angelo A. Delligatti, J.), rendered April 1, 2016, convicting him of criminal possession of a weapon in the second degree and criminal possession of a firearm, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
The defendant contends that the Miranda warnings (see Miranda v Arizona, 384 US 436) given to him before obtaining his statements were inadequate. This contention is unpreserved for appellate review and, in any event, without merit (see People v Wallace, 106 AD3d 1034, 1035; People v Louisias, 29 AD3d 1017, 1018-1019; People v Bartlett, 191 AD2d 574, 575).
The defendant's contention that the court should have inquired whether his failure to testify was intelligent and voluntary is unpreserved for appellate review (see CPL 470.05[2]). In any event, " [a] trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his right'" (People v Marcelle, 120 AD3d 833, 834, quoting People v Dolan, 2 AD3d 745, 746; see People v Fratta, 83 NY2d 771, 772; People v Marquis A., 145 AD3d 61, 66; People v Pilato, 145 AD3d 1593, 1595; People v Cosby, 82 AD3d 63, 66; People v Menner, 2 AD3d 650).
The defendant's challenge to the jury charge is unpreserved for appellate review (see CPL 470.05[2]) and, in any event, without merit.
MASTRO, J.P., RIVERA, AUSTIN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court