People v Campbell (2020 NY Slip Op 50763(U))

[*1]

People v Campbell (Christopher)

2020 NY Slip Op 50763(U) [67 Misc 3d 144(A)]

Decided on June 25, 2020

Appellate Term, First Department

Published by New York State Law Reporting
Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 25, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Shulman, P.J., Cooper, Torres, JJ.

19-391

The People of the State of New
York, Respondent, 
against
Christopher Campbell,
Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York,
New York County (Suzanne J. Adams, J.), rendered March 2, 2019, convicting him,
upon his plea of guilty, of resisting arrest, and imposing sentence.

Per Curiam.
Judgment of conviction (Suzanne J. Adams, J.), rendered March 2, 2019,
affirmed.
The record as a whole establishes that the plea was knowing, intelligent and
voluntary. At the plea proceeding, defendant pleaded guilty to the charge of resisting
arrest in exchange for a sentence of time served, counsel waived formal allocution, and,
in response to questioning from the court, defendant stated that he had ample time to
discuss his case with counsel, waived specific constitutional rights, including his rights to
a trial by jury and to remain silent, and admitted that he intentionally attempted to prevent
a police officer from effecting an authorized arrest (see People v Conceicao, 26
NY3d 375 [2015]; People v Sougou, 26 NY3d 1052 [2015]). There was nothing
in the record to suggest that defendant's ability to make a voluntary decision to plead
guilty was impaired in any way by his use of alcohol (see People v Rodriguez, 83 AD3d 449 [2011], lv denied
17 NY3d 800 [2011]; People v Royster, 40 AD3d 885 [2007], lv denied 9
NY3d 881 [2007]). The fact that defendant, earlier in the plea, stated "I don't
understand," does not invalidate the plea accepted after the court subsequently explained
the terms of the plea, and defendant thereafter acknowledged his "understanding" of the
offer and stated that he was pleading guilty "freely and voluntarily."
In any event, the only relief defendant requests is dismissal of the accusatory
instrument rather than vacatur of the plea, and he expressly requests this Court to affirm
the conviction if it does not grant a dismissal. Because we do not find that dismissal
would be appropriate, we affirm on this basis as well (see e.g. People v Teron, 139
AD3d 450 [2016]).
We have considered and rejected defendant's claim that the accusatory instrument is
jurisdictionally defective. The authorized arrest element of resisting arrest was
sufficiently charged by way of allegations establishing probable cause to arrest defendant
for violating the City's open-container law (see Administrative Code of City of
NY § 10—125[b]), based upon the [*2]officer's observation of defendant "in front" of 175 West
4th Street, "holding and drinking an open can of beer" (see People v Basono, 122
AD3d 553 [2014], lv denied 25 NY3d 1069 [2015]; People v Canty, 55 AD3d
330 [2008], lv denied 11 NY3d 896 [2008]). 
All concur.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

Clerk of the Court
Decision Date: June 25, 2020