People v Fernandez (2021 NY Slip Op 50545(U))

[*1]

People v Fernandez (Giovanni)

2021 NY Slip Op 50545(U) [71 Misc 3d 141(A)]

Decided on June 11, 2021

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on June 11, 2021
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: McShan, J.P., Brigantti, Hagler, JJ.

570208/16

The People of the State of New York,
Respondent,
against
Giovanni Fernandez,
Defendant-Appellant.

In consolidated criminal appeals, defendant appeals from four judgments of the Criminal
Court of the City of New York, New York County (Laurie Peterson, J.), rendered January 25,
2016, convicting him, upon his pleas of guilty, of resisting arrest and three counts of disorderly
conduct, and imposing sentence.

Per Curiam.
Judgments of conviction (Laurie Peterson, J.), rendered January 25, 2016, affirmed.
In view of defendant's knowing waiver of the right to prosecution by information, the
underlying accusatory instruments only had to satisfy the reasonable cause requirement of a
misdemeanor complaint (see People v
Dumay, 23 NY3d 518, 522 [2014]). So viewed, the complaint charging criminal
possession of a controlled substance in the seventh degree (see Penal Law § 220.03)
under docket number 2015NY056292 was not jurisdictionally defective. The complaint
"supplied the basis" (People v
Smalls, 26 NY3d 1064, 1067 [2015], quoting People v Kalin, 12 NY3d 225, 231 [2009]) for the arresting
officer's contention that the "pipe" recovered from defendant's hand contained crack cocaine
residue. The instrument recited that the officer had the requisite training and experience in
identifying drugs, and that he reached his conclusion about the nature of the substance based on
his "observation of the packaging which is characteristic of crack/cocaine" (see People v
Kalin, 12 NY3d at 231—232). Where, as here, "the defendant has waived prosecution
by information (and therefore has assented to the more lenient reasonable cause standard), these
legal and factual allegations are sufficient to particularize the crime charged and protect against a
constitutional double jeopardy violation" (People v Thiam, 34 NY3d 1040, 1044 [2019, DiFiore, Ch. J.,
concurring]).
For similar reasons, the complaint charging resisting arrest (see Penal Law §
205.30) under docket number 2016NY003795 was not jurisdictionally defective. The authorized
arrest element of resisting arrest was sufficiently charged by way of allegations establishing
probable cause to arrest defendant for criminal possession of a controlled substance in the
seventh degree (see People v Grier,
47 AD3d 729 [2008], lv denied 10 NY3d 863 [2008]; People v Campbell, 67 Misc 3d
144[A], 2020 NY Slip Op 50763[U] [App Term, 1st Dept 2020], lv denied 35 NY3d
1093 [2020]). The instrument recited that the officer recovered a bag and two "crack pipes"
containing crack cocaine, which substance he identified based on his "professional training as a
[*2]police officer in the identification of drugs, [his] prior
experience as a police officer in drug arrests and [his] observation of the packaging which is
characteristic of crack cocaine."
The complaint charging unauthorized use of a vehicle in the third degree (see Penal
Law § 165.05[1]) and criminal mischief in the fourth degree (see Penal Law §
145.00[1]) under docket number 2015NY072645 was not jurisdictionally defective. The
complaint recited that defendant was observed "operat[ing]" the vehicle of complainant, without
"permission or authority" from the complainant, the lawful custodian of the car and that
defendant caused "a dent to the front bumper" (see People v Johnson, 123 AD3d 631 [2014], lv denied 25
NY3d 1203 [2015]; Matter of Carlos
M., 32 AD3d 686 [2006]). 
We also find unavailing defendant's challenge to the facial sufficiency of the complaint under
docket number 2016NY002690. Allegations that defendant entered a specified subway station
"beyond the turnstiles, which is an area enclosed by turnstiles and gates in a manner designed to
exclude those who do not pay the required fare, without permission or authority to do so, by
walking through an exit gate," established reasonable cause to believe that he committed theft of
services (see People v Borrero, 26 NY2d 430 [1970]; Matter of Kevin B., 128
AD2d 63, 70 [1987], affd sub nom. Matter of Timothy L., 71 NY2d 835 [1988]) and
criminal trespass in the third degree (see
People v Davion T., 61 Misc 3d 144[A], 2018 NY Slip Op 51672[U] [App Term, 1st
Dept 2018], lv denied 32 NY3d 1170 [2019]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: June 11, 2021