■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GAIL LOFTON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered February 28, 1975, convicting her of two counts of criminal sale of a controlled substance in the third degree, under separate indictments, and one count of criminal possession of a controlled substance in the fifth degree, under a third indictment, upon her pleas of guilty, and imposing sentence. The appeal brings up for review the denial of defendant's motion for a hearing to determine whether she had provided "material assistance". Judgment affirmed. The defendant-appellant seeks to distinguish the decision in *People v Eason* (40 NY2d 297) on the fact that, at bar, co-operation was provided after a plea of guilty and with the under-

standing that if material assistance were rendered, the District Attorney would consider recommending lifetime probation pursuant to the statute (Penal Law, § 65.00, subd 1, par [b]). However, the defendant does not claim that a promise of such a recommendation was made or relied upon, nor would the record support such a claim (cf. *Santobello v New York,* 404 US 257). On this record, the decisions in *People v Etson* (39 NY2d 1005) and *People v Eason (supra)* are dispositive. Hopkins, J. P., Rabin, Hawkins and O'Connor, JJ., concur. [81 Misc 2d 572.]