■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLIE BOUCHEREAU, Appellant. [681 NYS2d 50] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (O'Dwyer, J.), rendered December 14, 1995, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Appelman, J.), of that branch of the defendant's omnibus motion which was to suppress certain in-court identification testimony.

Ordered that the judgment is affirmed.

Although the hearing court suppressed the lineup identifications as impermissibly suggestive and violative of the defendant's right to counsel, a witness may be permitted to identify the defendant in court if the in-court identification is based on an independent source (*see, Manson v Brathwaite,* 432 US 98; *Neil v Biggers,* 409 US 188; *People v Johnson,* 211 AD2d 730; *People v Tinh Phan,* 208 AD2d 659). In the present case, the witness viewed the defendant, the only person in the vicinity of the robbery, at close range, seconds prior to the robbery and during his flight from the scene. Moreover, she was able to give a detailed description of his physical features and clothing to police. Thus, the evidence supports the trial court's determination that the witness had an independent source for the in-court identification of the defendant (*see, Manson v Brathwaite, supra*).

Contrary to the defendant's contention, there was both direct and circumstantial evidence of his guilt. Accordingly, the court did not err in refusing to give a circumstantial evidence charge to the jury (*see, People v Daddona,* 81 NY2d 990; *People v Ruiz,* 248 AD2d 647). Rosenblatt, J. P., Ritter, Copertino and McGinity, JJ., concur.