■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY DOLAN, Appellant. [768 NYS2d 655]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered January 5, 1994, convicting him of criminal trespass in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention, "[t]he motion court properly declined to suppress the identification evidence. Since, in their seated positions, [the] defendant and the fillers appeared to possess roughly similar heights and weights, and since they were otherwise sufficiently similar in appearance, the lineup was not unduly suggestive" (*People v Brock,* 293 AD2d 294 [2002]). In any event, the evidence supported a finding that the witnesses had an independent source for the in-court identification of the defendant (*see People v Bouchereau,* 255 AD2d 389 [1998]).

The trial court properly denied the defendant's speedy trial motion pursuant to CPL 30.30. Contrary to the defendant's contention, the People's motion to direct him to participate in a lineup and for exemplars was not an accusatory instrument that commenced this criminal action (*see* CPL 1.20 [1], [17]; *People v Giusti,* 176 Misc 2d 377 [1998]). The trial court also properly denied the defendant's speedy trial motion on constitutional grounds. The extent of the delay was only about 10 months, for which the People showed good cause; the nature of

the underlying charges, which included rape, burglary, and sexual assault, was severe, even though a mistrial was ultimately declared as to these crimes; the defendant was already in prison for unrelated charges; and there was no indication that the defense had been impaired by reason of the delay (*see People v Hayes,* 307 AD2d 548 [2003]; *People v Beyah,* 302 AD2d 981 [2003]; *People v Mitchell,* 301 AD2d 451 [2003]; *People v Jones,* 267 AD2d 250 [1999]).

The defendant's remaining contentions either are not preserved for appellate review, without merit, or constitute harmless error in view of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]). Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.