■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RORY DOLAN, Appellant. [768 NYS2d 654]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Jones, J.), rendered April 20, 1995, convicting him of rape in the first degree (two counts), sexual abuse in the first degree (two counts), burglary in the first degree (two counts), robbery in the first degree (two counts), unauthorized use of a motor vehicle in the first degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

The defendant's contentions that the hearing court improperly

denied that branch of his motion which was to suppress identification testimony and his motion to dismiss the indictment are partially unpreserved for appellate review (*see* CPL 470.05 [2]). In any event, those motions were properly denied (*see People v Dolan,* 2 AD3d 744 [2003] [decided herewith]).

The defendant's contention that the evidence was legally insufficient to sustain his conviction is partially unpreserved for appellate review. In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. The evidence of the defendant's identity as the perpetrator of the subject rapes, burglaries, and robberies, which included extensive DNA evidence and testimony placing him near the scenes of the crimes around the times they were committed, although circumstantial and lacking in any positive identification by the victims, established a prima facie case as to identity (*see e.g. People v Bush,* 266 AD2d 642 [1999]; *People v Fuentes,* 290 AD2d 563 [2002]). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see* CPL 470.15 [5]).

The defendant's contention that he was denied the right to testify is without merit. A trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his right (*see Brown v Artuz,* 124 F3d 73 [1997], *cert denied* 522 US 1128 [1998]; *United States v Pennycooke,* 65 F3d 9 [1995]; *United States v Teague,* 953 F2d 1525 [1992], *cert denied* 506 US 842 [1992]; *United States v Edwards,* 897 F2d 445 [1990], *cert denied* 498 US 1000 [1990]; *Ortega v O'Leary,* 843 F2d 258 [1988], *cert denied* 488 US 841 [1988]; *Siciliano v Vose,* 834 F2d 29 [1987]; *United States v Bernloehr,* 833 F2d 749 [1987]; *United States v Janoe,* 720 F2d 1156 [1983], *cert denied* 465 US 1036 [1984]). Nor was there any exceptional circumstance present which would have mandated the trial court inquiring into the voluntariness of the defendant's failure to testify (*see Brown v Artuz, supra* at 79, n 2; *United States v Joelson,* 7 F3d 174, 178 [1993], *cert denied* 510 US 1019 [1993]). The defendant never expressly stated that he wanted to testify during the trial. Therefore, it was not irrational that the defendant did not testify. Further, although the defendant indicated in a pretrial pro se motion for the appointment of new counsel that one of the problems with his then-attorney was that he would not allow him to testify, the defendant merely indicated that he wished to testify "if necessary." Accordingly, it was reasonable for the

court to believe that any dispute about whether or not the defendant should testify was resolved between counsel and the defendant before the trial started.

The defendant's contention that he was denied his right to effective assistance of counsel is without merit. "Here, the record demonstrates that the defense counsel effectively cross-examined the People's witnesses, delivered a cogent opening and closing statement, and presented a plausible defense" (*People v Groonell,* 256 AD2d 356, 357 [1998]). Thus, the defendant was provided with meaningful representation (*see People v Baldi,* 54 NY2d 137 [1981]).

The judgment appealed from relates to the defendant's conviction of charges for which he was previously tried. According to the defendant, his second trial violated the prohibition against double jeopardy. However, this claim has no merit because the second trial was conducted after the jury in the prior trial was deadlocked and a mistrial on that ground was granted with the defense counsel's consent (*see People v Scarbrough,* 254 AD2d 824 [1998]; *People v Holland,* 248 AD2d 636 [1998]).

The defendant's remaining contentions, including those raised in his supplemental pro se brief, either are not preserved for appellate review, without merit, or constitute harmless error in view of the overwhelming evidence of guilt (*see People v Crimmins,* 36 NY2d 230, 241-242 [1975]). Krausman, J.P., McGinity, Cozier and Rivera, JJ., concur.