[907 NYS2d 852]

THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, v RAYMOND MICHAEL, Defendant.

District Court of Nassau County, First District, September 17, 2010

APPEARANCES OF COUNSEL

*Devane & Groder*, Mineola, for defendant. *Kathleen M. Rice, District Attorney*, Mineola, for plaintiff.

OPINION OF THE COURT

SUSAN T. KLUEWER, J.

Defendant's motion for an order dismissing the accusatory instrument on account of the People's failure to be ready for trial within the statutorily specified period is granted (*see* CPL 30.30 [1] [b]).

Defendant originally stood accused, by four simplified traffic informations filed under this docket, of driving while intoxicated, refusing to take a portable breath test, failing to stop at a red light, and what is described as "failing to signal" (*see* Vehicle and Traffic Law § 1192 [3]; § 1194 [1] [b]; § 1111 [d] [1]; *see also* Vehicle and Traffic Law § 1163 [a], [d]). He originally stood accused, by two felony complaints filed under docket No. 23105/08, of two counts of assault in the second degree (*see* Penal Law § 120.05 [3]). Also filed under that docket was an information by which defendant stood accused of obstructing governmental administration in the second degree (*see* Penal Law § 195.05). Both actions were commenced on September 5, 2008 (*see* CPL 1.20 [17]). All charges under both dockets stem from incidents that were alleged to have occurred on September 4, 2008. The incident underlying the prosecution the People commenced under this docket is alleged to have occurred at "1705" at Franklin Avenue in Franklin Square, New York, although a supporting deposition attached to the accusatory documents filed in this case contains a reference to "19:05" as the time of that alleged occurrence, as well as a reference to "1934" as the time of defendant's claimed refusal to submit to a chemical test of his breath. In contrast, the incident underlying the charges filed under docket No. 23105/08 is alleged to have occurred at 7:46 P.M. at "CTS" in Mineola, New York. Both cases have been "traveling" together throughout. According to the transcripts submitted on the motion, the court at defendant's September 5, 2008 arraignment fixed bail on each of the dockets, and defendant's attorney requested an adjournment to Part 9 "for conference." Again according to the transcripts submitted on the motion, on September 9, 2008, defendant demanded a felony examination for September 11, 2008. According to the transcripts submitted in opposition to the motion, on September 11, 2008, the People were not ready for the felony examination, de-

fendant made application for his release under docket No. 23105/08 pursuant to CPL 180.80, he made application for a reduction of bail in this case, the court (Jaffe, J.) granted both applications, neither side requested an adjournment, and the clerk simply announced "9/15 conference." According to the transcripts submitted in opposition to the motion, on September 15, 2008, defendant waived "the case" to the grand jury. Ninety-nine days later, on December 23, 2008, the grand jury directed that the People file a prosecutor's information in this case charging defendant with driving while intoxicated, disobeying a red light, and failing to signal. On the same date, it directed that the People file a prosecutor's information under docket No. 23105/08 charging defendant with obstructing governmental administration in the second degree. The People filed those prosecutor's informations on January 12, 2009. Defendant was arraigned on each on January 13, 2009. According to the transcript of those proceedings submitted in opposition to the motion, the People announced they were "ready" for trial on that date. On June 29, 2009, the People served and filed a single certificate of readiness bearing both docket numbers. They did so again on July 9, 2009.

Defendant, represented by new counsel, now makes application to dismiss the accusatory instrument pursuant to CPL 30.30, but he does so only under this docket. Relying on a 1986 agreement—a copy of which he submits on the motion—between the Nassau County District Attorney's Office and the Nassau County Legal Aid Society concerning the running of "180.80" time, he first urges that the adjournment from on September 5, 2008, when he was arraigned on the first-filed accusatory instruments, to Part 9 on September 9, 2008, and the adjournment from September 9, 2008 to September 11, 2008 for the demanded felony examination, a period I calculate to be six days, are to be charged to the People. He makes no mention of the four-day adjournment from September 11, 2008 to September 15, 2008, which the clerk announced was "for conference," but he further asserts that the People are to be charged with the period from September 15, 2008, when "the case" was waived to the grand jury, through January 13, 2009, when he was arraigned on the prosecutor's informations filed at the direction of the grand jury, a period that I calculate to be 120 days. He also asserts that the People are to be charged with adjournments from June 9, 2009 to June 16, 2009, from June 16, 2009 to June 25, 2009, and from June 25, 2009 to July 8,

2009, when a pretrial hearing, directed by order (Alexander, J.) issued May 26, 2009, was serially adjourned at the People's request, without defendant's consent, a period I calculate to be 29 days, for a subtotal of 149 days of unreadiness claimed by defendant. Together with the six days which elapsed between his original arraignment and his release pursuant to CPL 180.80, the days of unreadiness defendant urges are the People's responsibility total 155. He urges that since the People are obligated to be ready within 90 days, this action must be dismissed.

The People, who put the docket numbers of this and the companion action on their opposing papers, urge that, since defendant requested the adjournment from his September 5, 2008 arraignment to September 9, 2008, that four-day period is excludable in calculating their days of unreadiness. They concede they are chargeable with the two-day adjournment from September 9, 2008 to September 11, 2008 for the demanded felony examination, but it is almost in passing that they mention the "change" in defendant's bail status that occurred on September 11, 2008, and they blithely assert that he is to be charged with the four-day adjournment from that date to September 15, 2008, tacitly because the clerk announced that the adjournment was "for conference." Insofar as the 29 days of adjournments necessitated by their failure to be ready for the pretrial suppression hearing mandated by the order issued on May 26, 2009 are concerned, they assert that the adjournment from June 9, 2009—the date the case was on the calendar "for decision"—to June 16, 2009 is not chargeable to them because they are entitled to a reasonable period to prepare for a hearing after it is ordered. They concede they are chargeable with the nine-day adjournment of the suppression hearing from June 16, 2009 to June 25, 2009, and with four days of the 13-day adjournment from June 25, 2009 to July 8, 2009, but urge that, because they requested an adjournment only to June 29, 2009, because the court could not conduct a hearing on that date, and because this was a post-readiness adjournment, the period of the adjournment they did not request is not chargeable to them. Their overarching argument, however, is that, since this case and the case prosecuted under docket No. 23105/08 arise, according to them, from the same incident, since it was the clerk, not they, who determined that these cases should be prosecuted as separate actions, since, according to them, "at no point was this case considered two separate actions," and since defendant was originally charged with a felony, the provisions of CPL 30.30

(5) (c) apply. Moreover, they interpret CPL 30.30 (5) (c) as requiring that they be ready for trial "within the lesser of either ninety days (for a misdemeanor) or six months minus the time the People have already elapsed [*sic*] during the felony prosecution." In this context, they concede they are chargeable with the time from September 15, 2008, when "the case" was waived to the grand jury, until January 13, 2009, when defendant was arraigned on the prosecutor's informations, a period that, as noted above, I calculate to be 120 days, plus two days between September 9, 2008 and September 11, 2008, for a total of 122 days they, in effect, concede are chargeable to them. Noting that six months in this case would be 181 days, and using their interpretation of CPL 230.30 (5) (c), they thus assert they have 59 days "to proceed with Defendant's criminal prosecution." When subsequently discussing the adjournments occurring after January 13, 2009, however, the People inexplicably concede they are chargeable with 73 days of unreadiness. They do not suggest how that figure relates either to their claim about the other days left to "proceed" with this prosecution, or to their concession that they are chargeable with 13 days of "post-readiness" delay.

Defendant serves no reply.

It appears that the People misunderstand CPL 30.30 (5) (c). It provides in pertinent part that

> "*where a criminal action is commenced by the filing of a felony complaint*, and thereafter, in the course of the *same criminal action* . . . a prosecutor's information is filed pursuant to [CPL 190.70], the period applicable for the purposes of subdivision one must be the period applicable to the charges in the new accusatory instrument, calculated from the date of the filing of such new accusatory instrument; provided, however, that when the aggregate of such period and the period of time, excluding the periods provided in subdivision four, already elapsed from the date of the filing of the felony complaint to the date of the filing of the new accusatory instrument exceeds six months, the period applicable to the charges in the felony complaint must remain applicable and continue as if the new accusatory instrument had not been filed." (Emphasis added.)

Thus, even if CPL 30.30 (5) (c) were applicable to this prosecution, the days of unreadiness preceding the filing of the prosecutor's information are, in the first instance, pertinent, not

for determining whether the People have exhausted the time statutorily allotted to them to get ready for trial, but rather for determining which statutory period—six months or 90 days—applies (*see People v Cooper*, 98 NY2d 541 [2002]; *see also* CPL 30.30 [1]). Since it is apparent, and the People concede, that it took them some 122 days to get these cases before the grand jury and to follow its directions, and since that 122-day period plus the 90-day period (*see* CPL 30.30 [1] [b]) allotted to them for prosecution of this case total more than 181 days (*see e.g. People v Respress*, 195 AD2d 1053 [4th Dept 1993]; General Construction Law § 30), it is clear that, had the People commenced this action (*see* CPL 1.20 [17]) by the filing of a felony complaint, they would have been entitled to six months within which to get ready for trial, measured from the September 5, 2008 filing of the initial accusatory instruments. That is not, however, what occurred.

That the People deem the incident in Franklin Square giving rise to allegations that defendant, among other things, drove while intoxicated, and the incident occurring in Mineola some time later—perhaps hours, perhaps only 10 minutes—giving rise to the allegations that defendant, among other things, assaulted police officers are part of the same criminal transaction does not make them so. Indeed, it appears that the two actions are not properly joinable (*cf.* CPL 40.10 [2]; 200.20). Moreover, while the People are obligated to have obtained an accusatory instrument other than a felony complaint in order to proceed with the charges they filed under docket No. 23105/08 (*see* CPL 1.20 [8]; 100.10 [5]), the simplified traffic informations they filed to commence this criminal action could have sufficed through trial (*cf.* CPL 1.20 [5] [a]; 100.10 [2] [a]). They did not request that this case be transferred to a trial part of District Court when defendant waived "the case" to the grand jury; nothing prevented them from thereafter seeking that relief. It was their election to present the allegations made in this case to the grand jury (*cf.* CPL 190.55 [2] [c]; *see People v Lofton*, 81 Misc 2d 572 [Sup Ct, Kings County 1975, Kreindler, J.], *affd* 58 AD2d 610 [2d Dept 1977]), and certainly no one compelled them to wait some 122 days before making their presentation to the grand jury and acting on its directions. I thus find no merit to their argument that CPL 30.30 (5) (c) applies to this case simply because, in their view, it is the clerk of the court who is responsible for the filing of these matters as two separate criminal actions. And since the People did not commence this action

by filing a felony complaint, CPL 30.30 (5) (c), by its terms, does not apply. The People are therefore required to have been ready for trial within 90 days of the filing of the first accusatory instrument on September 5, 2008 (*see* CPL 1.20 [17]; *see also* CPL 30.30 [1] [b]). Since the People concede, and the record makes plain, that they are to be charged with at least 122 days of delay until their announcement of readiness on January 13, 2009, and with at least another 13 days thereafter, defendant's motion must be granted.