■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON MARCELLE, Appellant. [991 NYS2d 658]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered April 17, 2009, convicting him of manslaughter in the first degree, endangering the welfare of a child (three counts), and assault in the second degree (two counts), after a nonjury trial, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his statements to law enforcement officials.

Ordered that the judgment is affirmed.

The defendant was convicted of manslaughter in the first degree, three counts of endangering the welfare of a child, and two counts of assault in the second degree, upon evidence that he, on one occasion, poured hot water onto his three-year-old daughter's feet and, on another occasion, struck her with enough force to almost completely lacerate her liver, which led to her death.

"The credibility determinations of the Supreme Court following a suppression hearing are entitled to great deference on appeal and will not be disturbed unless clearly unsupported by the record" (*People v Cuyler*, 95 AD3d 900, 900-901 [2012]). Contrary to the defendant's contention in his pro se supplemental brief, the evidence presented at the suppression hearing supports the Supreme Court's determination that a reasonable person, innocent of any crime, would not have believed that he was in custody at the time his statements were made prior to the administration of *Miranda* warnings (*see Miranda v Arizona*, 384 US 436, 444 [1966]; *People v Yukl*, 25 NY2d 585, 589 [1969]). Accordingly, the statements were not the product of a custodial interrogation improperly conducted without the administration of *Miranda* warnings, and therefore, the court properly denied that branch of the defendant's omnibus motion which was to suppress these statements.

The defendant also argues in his pro se supplemental brief that he was not advised by his counsel or the hearing court that he could testify on his own behalf at the joint *Mapp* and *Huntley* hearing (*see Mapp v Ohio*, 367 US 643 [1961]; *People v Huntley*, 15 NY2d 72 [1965]). To the extent the defendant's contention is based on discussions held off the record between his counsel and himself, his contention is not properly before this Court, as it concerns matter dehors the record (*see People v Cass*, 18 NY3d 553, 556 [2012]). To the extent the defendant's contention is based on any conduct or omission of the hearing court, it is without merit. "A trial court does not have a general obligation to sua sponte ascertain if the defendant's failure to testify was a voluntary and intelligent waiver of his right" (*People v Dolan*, 2 AD3d 745, 746 [2003]). There were no exceptional circumstances present which would have mandated the hearing court to inquire into the voluntariness of the defendant's failure to testify (*see id.* at 746). The defendant also does not point to anything in the record which shows that the court made any rulings or remarks which would have had a chilling effect on the defendant's right to testify or which would have given the defendant the impression that he could not or should not testify at the hearing.

The defendant's contention in his pro se supplemental brief that the evidence was legally insufficient to support his conviction of manslaughter in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 491-492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to

establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 349 [2007]), we nevertheless accord great deference to the factfinder's opportunity to view the witnesses, hear the testimony, and observe demeanor (see People v Mateo, 2 NY3d 383, 410 [2004]). Upon reviewing the record here, we are satisfied that the verdict of guilt of manslaughter in the first degree was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Mastro, J.P., Dillon, Miller and Maltese, JJ., concur.