The People of the State of New York, Respondent,
against
Raymond Michael, Appellant.



Appeal from a judgment of the District Court of Nassau County, First District (Susan T. Kluewer, J.), rendered March 19, 2014. The judgment convicted defendant, upon a jury verdict, of obstructing governmental administration in the second degree.




ORDERED that the judgment of conviction is affirmed.
On September 4, 2008, the People charged defendant, in each of two felony complaints, with assault in the third degree (Penal Law § 120.05 [3]), and, in an accompanying misdemeanor information, with obstructing governmental administration in the second degree (Penal Law § 195.05). On the same day, the People charged defendant with several violations of the Vehicle and Traffic Law, including the misdemeanor of driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). The grand jury declined to indict defendant for the felonies and directed the People to file a prosecutor's information charging defendant with obstructing governmental administration in the second degree. The prosecutor's information was filed on January 12, 2009. In an order dated September 17, 2010, the District Court granted defendant's motion to dismiss the charge of driving while intoxicated (common law) on statutory speedy trial grounds (People v Michael, 29 Misc 3d 916, 922 [Nassau Dist Ct 2010]). Defendant did not thereafter move to dismiss the prosecutor's information. Following a jury trial, defendant was found guilty of obstructing governmental administration in the second degree, whereupon the District Court, by order dated September 19, 2011, granted defendant's deferred motion to dismiss, on the ground that the People had failed to establish that defendant had obstructed the exercise of an official duty. Upon the People's appeal, this court reversed the order, denied defendant's motion to dismiss, and remitted the matter to the District Court for sentencing (People v Michael, 39 Misc 3d 138[A], 2012 NY Slip Op 52474[U] [App Term, 2d Dept, 9th & 10th Jud Dists 2012]). Defendant now appeals from the ensuing judgment of conviction.
Defendant argues that the prosecutor's information was facially insufficient to allege the offense of obstructing governmental administration in the second degree; that the prosecutor's information should have been dismissed on statutory speedy trial grounds based on the District Court's factual findings in its order of September 17, 2010; that trial counsel was ineffective both in failing to move to dismiss the prosecutor's information on statutory speedy trial grounds and in failing to properly advise defendant of his right to testify on his own; that the jury charge failed to adequately define an official duty and conduct that would obstruct same; and that there was prosecutorial misconduct on summation.
Reviewed under the appropriate standards, the prosecutor's information was facially sufficient (see CPL 100.40 [3]; 100.50 [2]; 190.70 [1]; People v D'Angelo, 98 NY2d 733, 735 [2002]; People v Jablonka, 48 Misc 3d 37, 40-41 [App Term, 2d Dept, 9th & 10th Jud Dists 2015]; Peter Preiser, Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 100.35, at 384-385 ["where jurisdictional sufficiency is concerned, a prosecutor's information will be tested by the same standards as an indictment"]). Further, absent a motion to dismiss the prosecutor's information on statutory speedy trial grounds, the claim is not preserved for appellate review (see People v Cooper, 134 AD3d 1583, 1585-1586 [2015]; People v Ackridge, [*2]15 Misc 3d 127[A], 2006 NY Slip Op 52596[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2006]). In any event, even if defendant had made such a motion, we cannot agree with defendant's contention that such motion would have been meritorious solely on the basis of the District Court's factual findings in its order of September 17, 2010 (see Michael, 29 Misc 3d 916), as the statutory speedy trial rules applicable therein do not apply to prosecutor's informations filed at the direction of a grand jury (see CPL 30.30 [5] [c], 190.70). We cannot address the merits of the speedy trial claim in the interest of justice as the minutes of the adjournments subsequent to the order dismissing the charge of driving while intoxicated (common law) have not been made a part of the appellate record (see People v Harden, 6 AD3d 181, 182 [2004]; People v Gonzalez, 295 AD2d 264, 264 [2002]). For the same reason, it cannot be determined whether trial counsel's failure to make the motion was "sufficiently egregious and prejudicial" to merit a finding that trial counsel's representation was ineffective (People v Caban, 5 NY3d 143, 152 [2005]; see also People v Stultz, 2 NY3d 277, 287 [2004]). In such circumstances, the appropriate recourse is a motion pursuant to CPL 440.10 (e.g. People v Youngs, 101 AD3d 1589 [2013]).
Insofar as defendant's contentions regarding the exercise of his right to testify on his own behalf are based on conversations with his counsel that are dehors the record, they are not properly before us (see People v Marcelle, 120 AD3d 833, 834 [2014], citing People v Cass, 18 NY3d 553, 556 [2012]). Further, the record does not disclose that defendant "expressly stated that he wanted to testify" (People v Dolan, 2 AD3d 745, 746 [2003]), and he points to nothing in the record "which would have mandated the trial court inquiring into the voluntariness of [his] failure to testify" (id.). Again, " the appropriate vehicle . . . to allege ineffective assistance of counsel grounded in allegations referring to facts outside of the . . . record is pursuant to CPL 440.10' " (People v Blackwood, 108 AD3d 678, 679 [2013], quoting People v Rohlehr, 87 AD3d 603, 604 [2011]).
As to defendant's contention regarding the jury charge, we note that defendant failed to object to the charge as given (see CPL 470.05 [2]; People v Stewart, 71 AD3d 797, 798 [2010]). In any event, viewed in their entirety, the instructions regarding the nature of the offense at issue properly conveyed the rules to be applied in reaching a verdict (see People v Umali, 10 NY3d 417, 426-427 [2008]; see also People v Case, 42 NY2d 98, 102 [1977]; People v Romeo, 9 AD3d 744, 745 [2004]; Willinger v City of New Rochelle, 212 AD2d 526, 527 [1995]; People v Bullock, 42 Misc 3d 141[A], 2014 NY Slip Op 50211[U], *3 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). Moreover, in light of the nature of the proof that defendant obstructed the exercise of an official function (see Michael, 39 Misc 3d 138[A], 2012 NY Slip Op 52474[U], *2), there was no need for an additional explanatory instruction.
Finally, absent timely objection to the prosecutor's summation remarks, no issue regarding their propriety is preserved for appellate review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]; People v McMillan, 130 AD3d 651, 654 [2015]). In any event, the District Court instructed the jury that the remarks of counsel are not evidence, an admonition the jurors are presumed to have followed (see People v Baker, 14 NY3d 266, 274 [2010]; People v Tohom, 109 AD3d 253, 268 [2013]), thereby diluting the prejudicial impact of the remarks (see People v Beyer, 21 AD3d 592, 595 [2005]). Even if certain of the prosecutor's remarks were improper, in light of the proof of guilt, there is no significant probability that the remarks contributed to the conviction (see People v Crimmins, 36 NY2d 230, 242 [1975]; People v Pinckney, 27 AD3d 581, 582 [2006]).
Accordingly, the judgment of conviction is affirmed.
Marano, P.J., and Garguilo, J., concur.
Decision Date: August 01, 2016