◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT TODD ECHOLS, Appellant. [619 NYS2d 1021] —Judgment unanimously affirmed. Memorandum: By failing to object to the charge as given, defendant failed to preserve for review his contention that the jury should have been instructed that the People had to prove defendant's knowledge of the weight of the controlled substance, and we decline to review the issue as a matter of discretion in the interest of justice (see, People v Ivey, 204 AD2d 16; see also, People v Young, 209 AD2d 996 [decided herewith]; People v Mammarello, 209 AD2d 999 [decided herewith]). By failing to object to the prosecutor's redirect examination of Jerome Gatson on the ground that prejudicial evidence of uncharged crimes was not admissible, defendant failed to preserve that contention for review (see, People v Clarke, 81 NY2d 777, 778). We decline to reverse as a matter of discretion in the interest of justice. Although the prosecutor's redirect examination was far too extensive to be justified under the " 'opening the door' " theory (People v Melendez, 55 NY2d 445, 452), the erroneous admission of the testimony is harmless in light of the overwhelming evidence of defendant's guilt (cf., People v Melendez, supra, at 453). The trial court determined, after "a probing and tactful inquiry" (People v Buford, 69 NY2d 290, 299), that a juror who had expressed reservations about continuing to serve was not grossly unqualified and that her statements had not affected

the remaining jurors. That determination by the court on the issue of juror bias is entitled to great weight *(see, People v Rodriguez,* 71 NY2d 214, 219), and we find no basis in the record to disturb it. We have reviewed the remaining contention raised by defendant and conclude that it is lacking in merit. (Appeal from Judgment of Supreme Court, Monroe County, Doyle, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Green, J. P., Pine, Lawton, Callahan and Doerr, JJ.