THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALTON DAVIS, Appellant. [889 NYS2d 328]—

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered October 22, 2007. The judgment convicted defendant, upon a jury verdict, of assault in the second degree (two counts), rape in the first degree, robbery in the first degree and robbery in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, rape in the first degree (Penal Law § 130.35 [1]). We agree with defendant that Supreme Court erred in permitting the prosecutor to elicit the testimony of a police detective on redirect examination concerning pretrial statements made by the victim that bolstered her trial testimony. We nevertheless conclude that reversal is not required based on that error. "Although the prosecutor's redirect examination was far too extensive to be justified under the opening the door theory . . . , the erroneous admission of the testimony is harmless" (*People v Echols*, 209 AD2d 1000, 1000 [1994], *lv denied* 85 NY2d 972, 86 NY2d 734 [1995] [internal quotation marks omitted]). The evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the error (see generally *People v Crimmins*, 36 NY2d 230, 241-242 [1975]). We reject defendant's contention that the court abused its discretion in admitting certain photographs in evidence. The photographs depicting injuries sustained by the victim were relevant, and "to arouse the emotions of the jury and to prejudice the defendant" was not their sole purpose (*People v Pobliner*, 32 NY2d 356, 370 [1973], *rearg denied* 33 NY2d 657 [1973], *cert denied* 416 US 905 [1974]). Contrary to defendant's further contentions, the photographs of the crime scene were properly authenticated by the victim (see *People v Lee*, 301 AD2d 671 [2003]), and the court did not abuse its discretion in denying defendant's mo-

tions for a mistrial (*see generally People v Ortiz*, 54 NY2d 288, 292 [1981]).

We reject the contention of defendant that defense counsel was ineffective in failing to preserve for our review his challenge to the legal sufficiency of the evidence inasmuch as defendant failed to demonstrate that such a challenge would be meritorious (*see People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Finally, we reject the contention of defendant that Penal Law § 70.08, the persistent violent felony offender statute pursuant to which he was sentenced, is unconstitutional (*see People v Crowder*, 47 AD3d 724 [2008], *lv denied* 10 NY3d 839 [2008]). Present—Martoche, J.P., Smith, Peradotto, Green and Pine, JJ.