THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGG W. MORRISON, Appellant. [891 NYS2d 775]—

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the second degree (Penal Law § 120.05 [4]) and upon his plea of guilty of reckless endangerment in the second degree (§ 120.20). The conviction arises out of an incident in which defendant, while a passenger in the front seat of a vehicle, interfered with the driver's operation of the vehicle and caused it to collide with the victim's vehicle. The contention of defendant that County Court erred in conducting the *Sandoval* hearing in his absence is raised for the first time in defendant's reply brief and thus is not properly before us (*see People v Sponburgh*, 61 AD3d 1415 [2009], *lv denied* 12 NY3d 929 [2009]; *People v Donahue*, 21 AD3d 1359 [2005], *lv denied* 6 NY3d 775 [2006]; *People v McQueen*, 11 AD3d 1005, 1006 [2004], *lv denied* 4 NY3d 765 [2005]). Nevertheless, we exercise our power to review it as a matter of discretion in the interest of justice, and we agree with defendant that his presence at the *Sandoval* hearing was required (*see People v Favor*, 82 NY2d 254, 258 [1993]; *see generally People v Dokes*, 79 NY2d 656, 660-662 [1992]). The court's *Sandoval* ruling was

not wholly favorable to defendant, and thus it cannot be said that defendant's presence at the hearing would have been superfluous (*see People v Michalek*, 82 NY2d 906, 907 [1994]; *People v Odiat*, 82 NY2d 872, 874 [1993]; *see generally Favor*, 82 NY2d at 268). Although the court placed its *Sandoval* ruling on the record in defendant's presence the day after the hearing, "[a] mere repetition or recitation in the defendant's presence of what has already been determined in [the defendant's] absence is insufficient compliance with the *Sandoval* rule" (*People v Monclavo*, 87 NY2d 1029, 1031 [1996]). We therefore reverse that part of the judgment convicting defendant of assault in the second degree and grant a new trial on that count of the indictment. Because we are unable to determine whether defendant's guilty plea to reckless endangerment in the second degree was induced by the jury's verdict finding defendant guilty of assault (*see People v Ramos*, 40 NY2d 610, 619 [1976]; *People v Burley*, 60 AD2d 973 [1978]), we also reverse that part of the judgment convicting defendant of reckless endangerment in the second degree and grant a new trial on the second count of the indictment, charging defendant with reckless endangerment in the first degree (Penal Law § 120.25).

Viewing the evidence in light of the elements of the crime of assault in the second degree as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [1961]), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). "Giving 'appropriate deference to the jury's superior opportunity to assess the witnesses' credibility' " (*People v Marshall*, 65 AD3d 710, 712 [2009]), we conclude that, although a different result would not have been unreasonable, the jury was entitled to credit the victim's version of how the accident occurred over defendant's version (*see People v Wedlington*, 67 AD3d 1472 [2009]).

In view of our determination that reversal of the judgment is required, we need not review defendant's remaining contentions. Nevertheless, because we are granting a new trial, we note in the interest of judicial economy that the testimony of the witnesses at trial concerning the statements of the driver of the vehicle in which defendant was a passenger with respect to the cause of the accident constituted inadmissible hearsay (*see generally People v Huertas*, 75 NY2d 487, 491-492 [1990]). That testimony also impermissibly bolstered the credibility of the driver at trial, particularly with respect to her testimony concerning the cause of the accident (*see generally People v Davis*, 67 AD3d 1397 [2009]; *People v Osborne*, 63 AD3d 1707

[2009], *lv denied* 13 NY3d 748 [2009]). Present—Scudder, P.J., Hurlbutt, Smith and Centra, JJ.