# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**921**

**KA 09-02629**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARK WOODWORTH, DEFENDANT-APPELLANT.

---

GENESEE VALLEY LEGAL AID, GENESEO (KELLEY PROVO OF COUNSEL), FOR DEFENDANT-APPELLANT.

GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Livingston County Court (Dennis S. Cohen, J.), rendered September 9, 2009. The judgment convicted defendant, upon a jury verdict, of sexual abuse in the first degree, assault in the second degree as a sexually motivated felony, attempted assault in the second degree as a sexually motivated felony, unlawful imprisonment in the first degree and coercion in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of sexual abuse in the first degree (Penal Law § 130.65 [1]), assault in the second degree as a sexually motivated felony (§§ 120.05 [2]; 130.91), attempted assault in the second degree as a sexually motivated felony (§§ 110.00, 120.05 [1]; 130.91), unlawful imprisonment in the first degree (§ 135.10) and coercion in the first degree (§ 135.65 [1]). We conclude that defendant waived his contention that the People failed to establish venue with respect to those crimes inasmuch as he did not request a jury charge on improper venue (*see People v Greenburg*, 89 NY2d 553, 556; *People v Cornell*, 17 AD3d 1010, 1011, *lv denied* 5 NY3d 805).

We reject defendant's further contention that County Court improperly admitted in evidence expert testimony regarding rape trauma syndrome. Such testimony is admissible "to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand" (*People v Carroll*, 95 NY2d 375, 387). Here, the expert testimony regarding rape trauma syndrome was admitted to explain why the victim may not have immediately reported the crimes, and the expert "did not attempt to impermissibly prove that the charged crimes occurred" (*see id.*).

Contrary to defendant's contention, we conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495). The jury's resolution of credibility issues is entitled to great weight, and there is no indication in the record that the jury failed to give the evidence the weight it should be accorded (*see People v Kelley*, 46 AD3d 1329, 1331, *lv denied* 10 NY3d 813).

Defendant's contention that the prosecutor improperly vouched for the credibility of the victim during summation is not preserved for our review because he failed to object to the allegedly improper comments during summation (*see People v Williams*, 46 NY2d 1070, 1071). Defendant also failed to preserve for our review his contention that the prosecutor improperly impeached a prosecution witness (*see People v Cruz*, 23 AD3d 1109, 1110, *lv denied* 6 NY3d 811). We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant further contends that the court improperly admitted in evidence photographs that had been enhanced by the People. We reject that contention. At trial, the People laid a proper foundation by authenticating the photographs (*see People v Marra*, 96 AD3d 1623, 1625-1626, *affd* 21 NY3d 979; *People v Patterson*, 93 NY2d 80, 84). Additionally, the photographs were relevant with respect to the nature and extent of the victim's injuries, and their sole purpose was not " 'to arouse the emotions of the jury and to prejudice . . . defendant' " (*People v Davis*, 67 AD3d 1397, 1397, *lv denied* 13 NY3d 938, quoting *People v Pobliner*, 32 NY2d 356, 370, *rearg denied* 33 NY2d 657, *cert denied* 416 US 905; *see People v Wright*, 107 AD3d 1398, 1400). Defendant failed to preserve for our review his contention that a ring, which had been altered while in the People's possession, was improperly admitted in evidence (*see People v Butts*, 254 AD2d 823, 823), and we decline to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant also contends that the court's instruction to the jury improperly shifted the burden of proof to defendant. That contention is not preserved for our review because defendant did not object to the court's charge (*see People v Shutter*, 163 AD2d 871, 871) and, in any event, that contention is without merit (*see generally People v Castrechino*, 24 AD3d 1267, 1267-1268, *lv denied* 6 NY3d 810). We also reject defendant's contention that his adjudication as a persistent violent felony offender was unconstitutional (*see generally People v Quinones*, 12 NY3d 116, 125-131, *cert denied* 558 US 821).

Finally, we have reviewed defendant's contention in his pro se supplemental brief and conclude that it is without merit.

Entered: November 15, 2013                    Frances E. Cafarell
                                              Clerk of the Court