# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

891

KA 13-00172

PRESENT: CENTRA, J.P., PERADOTTO, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                                     MEMORANDUM AND ORDER

DONALD J. GARDNER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (JANET C. SOMES OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (LEAH R. MERVINE OF COUNSEL), FOR RESPONDENT.

-------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered October 1, 2012. The judgment convicted defendant, upon a jury verdict, of criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and the indictment is dismissed without prejudice to the People to file any appropriate charge.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal contempt in the second degree (Penal Law § 215.50 [3]) as a lesser included offense of criminal contempt in the first degree (§ 215.51 [b] [v]), which was charged in the second count of the indictment. We agree with defendant that Supreme Court erred in conducting the *Sandoval* hearing in his absence (*see People v Favor*, 82 NY2d 254, 267, *rearg denied* 83 NY2d 801; *People v Dokes*, 79 NY2d 656, 660-662). The court's *Sandoval* ruling in this case was not wholly favorable to defendant, and thus "it cannot be said that defendant's presence at the hearing would have been superfluous" (*People v Morrison*, 68 AD3d 1798, 1799). Contrary to the People's contention, although the court placed its *Sandoval* ruling on the record in defendant's presence the morning after the hearing, "[a] mere repetition or recitation in the defendant's presence of what has already been determined in [the defendant's] absence is insufficient compliance with the *Sandoval* rule" (*People v Monclavo*, 87 NY2d 1029, 1031; *see People v Potter*, 114 AD3d 968, 968-969; *Morrison*, 68 AD3d at 1799). Inasmuch as defendant was acquitted of all counts charged in the indictment and was convicted of the lesser included offense of criminal contempt in the second degree, there is nothing remaining to support further criminal prosecution under the accusatory instrument (*see People v Gonzalez*, 61 NY2d 633, 635). Although defendant has already served his sentence, under the circumstances here, we dismiss

the indictment without prejudice to the People to file any appropriate charge (*see generally People v Conceicao*, 26 NY3d 375, 385 n; *People v Pallagi*, 91 AD3d 1266, 1270).