# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**294**

**KA 14-01615**

PRESENT: WHALEN, P.J., SMITH, CENTRA, CURRAN, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

FREDDIE JACKSON, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (SARA A. GOLDFARB OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered May 15, 2014. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree, assault in the second degree and criminal contempt in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [1]), assault in the second degree (§ 120.05 [2]), and criminal contempt in the second degree (§ 215.50 [3]). We reject defendant's contention that County Court improperly allowed expert testimony on domestic violence. Such testimony " 'may be admitted to explain behavior of a victim that might appear unusual or that jurors may not be expected to understand' " (*People v Williams*, 20 NY3d 579, 584; *see People v Woodworth*, 111 AD3d 1368, 1369, *lv denied* 23 NY3d 969). Here, the testimony was relevant in light of the victim's testimony regarding her conduct immediately after the assault and with respect to her communication with defendant prior to the first scheduled trial (*see Woodworth*, 111 AD3d at 1369; *People v Hryckewicz*, 221 AD2d 990, 990-991, *lv denied* 88 NY2d 849). In any event, any error in allowing such testimony is harmless. The evidence of guilt is overwhelming, and there is no significant probability that the absence of the error would have led to an acquittal (*see Williams*, 20 NY3d at 585; *People v Eckhardt*, 305 AD2d 860, 864, *lv denied* 100 NY2d 620; *see generally People v Crimmins*, 36 NY2d 230, 241-242).

Defendant failed to preserve for our review his contention that prosecutorial misconduct deprived him of a fair trial (*see People v*

*Machado*, 144 AD3d 1633, 1635; *People v Love*, 134 AD3d 1569, 1570, *lv denied* 27 NY3d 967) and we conclude that defendant's contention is without merit in any event.  We reject defendant's further contention that he was penalized for exercising his right to a trial (*see People v Pope*, 141 AD3d 1111, 1112; *see generally People v Martinez*, 26 NY3d 196, 200).  Finally, the sentence is not unduly harsh or severe.

Entered:  March 24, 2017                    Frances E. Cafarell
                                            Clerk of the Court