People v Cooper (2018 NY Slip Op 01823)





People v Cooper


2018 NY Slip Op 01823


Decided on March 16, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 16, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, CURRAN, AND TROUTMAN, JJ.


405.1 KA 13-00204

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
CLARENCE E. COOPER, III, DEFENDANT-APPELLANT. 






DAVISON LAW OFFICE, PLLC, CANANDAIGUA (MARK C. DAVISON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (JOSEPH R. PLUKAS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Supreme Court, Monroe County (Robert B. Wiggins, A.J.), rendered March 18, 2009. The judgment convicted defendant, upon a jury verdict, of burglary in the second degree, attempted burglary in the second degree and attempted petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him after a jury trial of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]). As the People correctly concede, reversal is required. The record establishes that defendant was excluded from Supreme Court's Sandoval conference (see generally People v Dokes, 79 NY2d 656, 662 [1992]) and, because "[t]he court's Sandoval ruling in this case was not wholly favorable to defendant, . . . it cannot be said that defendant's presence at the hearing would have been superfluous' " (People v Gardner, 144 AD3d 1546, 1547 [4th Dept 2016]; see generally People v Odiat, 82 NY2d 872, 874 [1993]).
Entered: March 16, 2018
Mark W. Bennett
Clerk of the Court